

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS *See art. 5.16a, Electio*
*Code, added in*
December 19, 1951 *1965*

Hon. E. James Kazen
District Attorney
Laredo, Texas

Opinion No. V-1382

Re: Necessity for voters over
sixty years of age who do
not reside in cities of
10,000 inhabitants or more
to obtain poll tax exemp-
tion certificates.

Dear Sir:

      Your request for an opinion concerns the
necessity for voters over sixty years of age who do
not reside in cities of 10,000 inhabitants or more
to obtain poll tax exemption certificates.

      Article 34 of the Texas Election Code (H.B.
6, Acts 52nd Leg., R.S. 1951, ch. 492, p. 1097) pro-
vides in part:

> "Every person subject to none of the
> foregoing disqualifications who shall have
> attained the age of twenty-one (21) years
> and who shall be a citizen of the United
> States, and who shall have resided in this
> State one (1) year next preceding an elec-
> tion, and the last six (6) months within
> the county in which he or she offers to vote,
> shall be deemed a qualified elector, provided
> that any voter who is subject to pay a poll
> tax under the laws of this State, shall have
> paid said tax before offering to vote at any
> election in this State and holds a receipt
> showing that said poll tax was paid before
> the first day of February next preceding
> such election; and, if said voter is exempt
> from paying a poll tax he or she must pro-
> cure a certificate showing his or her exemp-
> tions, as required by this Code." (Emphasis
> added throughout.)

      Article 42 of the Texas Election Code pro-
vides:

> "Every person who is a qualified voter
> otherwise and who is exempt from paying a
> poll tax shall be entitled to vote without
> being required to pay a poll tax if he has

obtained his certificate of exemption from the County Tax Collector when same is required by the provisions of this Code."

Article 48 of the Texas Election Code provides in part:

"Every person who is exempted by law from the payment of a poll tax, and who is in other respects a qualified voter, who resides in a city of ten thousand (10,000) inhabitants or more, shall, before the first day of February of the year when such voter shall have become entitled to such exemption, obtain from the Tax Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax. Such certificate shall entitle such voter to vote at any election held between the date of its issuance and a period of one (1) year from the 31st day of January following its issuance. . . .

"Although entitled to an exemption certificate, no one shall vote who does not possess a current exemption certificate."

In the case of Huff v. Duffield, 251 S.W. 298, 299 (Tex. Civ. App. 1923), the court said:

". . . The facts show that this voter had not paid the poll tax and obtained a receipt that would have entitled him to vote in the year 1922. However, he testified that he was born on February 1, 1860, and consequently was 62 years old on February 1, 1922, and therefore exempt from the payment of poll tax. Not living in a city of 10,000 inhabitants or more, he was not required to obtain an exemption certificate."

In Attorney General's Opinion O-7034 (1946), it is said at page 7:

"The statutes recognize that in some cases no certificate is required, as, for example, in the case of a person over sixty years of age who does not reside in a city of ten thousand inhabitants or more."

In a letter opinion written to Hon. Elbert V. Pollan, County Attorney, Erath County, Stephenville, Texas, dated January 12, 1950, this office held:

"It is not necessary for those voters who are exempt from the payment of poll taxes because they are over 60 years of age, who reside in Erath County /having no city of 10,000 or more inhabitants7, to secure exemption certificates in order to vote. Huff v. Duffield, 251 S.W. 298 (Tex. Civ. App. 1923)."

It will be observed that the Texas Election Code contains no provision requiring voters over sixty years of age who do not reside in cities of 10,000 inhabitants or more to obtain poll tax exemption certificates in order to vote at elections held in this State. In the absence of this provision, it is our opinion that the rule of law announced in the above case and opinions still controls and that the persons inquired about are not required to obtain poll tax exemption certificates.

Since the City of Laredo in your judicial district has a population of 51,910 inhabitants according to the 1950 Federal Census, it may be helpful if we point out a recent change in the law relative to voters over sixty years of age residing in cities of 10,000 inhabitants or more obtaining annual poll tax exemption certificates.

In 1945, the Legislature amended Article 2968, V.C.S. (Acts 49th Leg., 1945, ch. 333, p. 547) so as to provide in part:

"Every person who is exempted by law from the payment of a poll tax, and who is in other respects a qualified voter, who resides in a city of ten thousand (10,000) inhabitants or more, shall, before the first day of February of the year when such voter shall have become entitled to such exemption, obtain from the Tax Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax.

"Such exempt person shall on oath state his name, age, race, county of residence,

occupation, the length of time he has resided
in said county, and the length of time in the
city, and the number of the ward or voting
precinct in which he resides, and shall also
state his street address by name and number,
if numbered, and the grounds upon which he
claims exemption from the payment of a poll
tax.

"...

"All certificates of exemption shall
be renewed or reissued annually."

In Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d
625, 632 (1948), the court held that the Legislature in
enacting the above amendment "did not intend that voters
exempted from the payment of the poll tax, who have pro-
cured certificates of exemption as required by the first
paragraph of the amended article, shall lose their rights
to vote for failure to procure renewed or reissued certi-
ficates for the current year."

However, in this connection the court said at
page 629:

"If that had been the intention of the
legislature in rewriting Article 2968, it
could very easily have been expressed, as was
clearly expressed in Section 2 of Article VI
of the Constitution, the intention to make
the payment of the poll tax before February 1
each year and the procuring of a receipt show-
ing such payment a qualification for voting.
That intention, had it existed, could have been
expressed in the amendment of Article 2968 as
clearly as it was expressed in Article 2968a,
Vernon's Annotated Civil Statutes, where the
legislature, in requiring certificates of ex-
emption to be procured by persons exempt from
the poll tax on account of becoming of age or
becoming residents of the state after the first
day of January preceding its levy, provided
that they should obtain the certificates 'on
or before the thirty-first day of January of
the year in which he or she offers to vote',
and that 'no such person who has failed or re-
fused to obtain such certificate of exemption
from the payment of a poll tax shall be allowed
to vote.' Not only does the amended article

fail, by the use of plain terms which easily could have been employed to make the procuring of a renewed or reissued certificate a condition to the exercising of the right to vote; it does not even use in connection with the provision as to annual renewal or reissuance of the certificate, or elsewhere, such words as 'of the year in which he or she offers to vote', which are used in Article 2968a, or such words as 'before . . . he or she offers to vote,' which were used in Article 2968 before its amendment in 1930.  The amendment of 1945 contains merely the statement:  'All certificates of exemption shall be renewed or reissued annually.'"

Subsequently, the 52nd Legislature enacted the Texas Election Code, effective January 1, 1952, in which Article 48, supra, has amended Article 2968 so as to make two material changes therein, namely the omission of the language, "all certificates of exemption shall be renewed or reissued annually", and the substitution of the following provisions:

". . . Such certificate shall entitle such voter to vote at any election held between the date of its issuance and a period of one (1) year from the 31st day of January following its issuance. . . .

"Although entitled to an exemption certificate, no one shall vote who does not possess a current exemption certificate."

The 52nd Legislature is presumed to have been fully aware of the holding in Thomas v. Groebl, supra.  By the use of the plain and unequivocal language above quoted, it clearly evidenced an intention to change the law so as to require voters over sixty years of age residing in cities of 10,000 inhabitants or more to obtain annual poll tax exemption certificates before the first day of February of each year in order to be qualified to vote at elections held in this State.

## SUMMARY

Voters over sixty years of age who do not reside in cities of 10,000 inhabitants or more are not required to obtain poll tax

exemption certificates in order to vote at elections held in this State. <u>Huff v. Duffield</u>, 251 S.W. 298 (Tex. Civ. App. 1923).

With reference to voters over sixty years of age who reside in cities of 10,000 inhabitants or more, the 52nd Legislature amended the law so as to make it mandatory that they obtain poll tax exemption certificates annually before the first day of February of each year in order to be qualified to vote at elections held in this State. Art. 46, Texas Election Code (H.B. 6, Acts 52nd Leg., R.S. 1951, ch. 492, p. 1097, at p. 1116).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Everett Hutchinson
Executive Assistant

By J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

Price Daniel
Attorney General

JCD:mh